IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| HAROLD JORDAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 07-2007 |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

ORDER APPROVING MAGISTRATE RECOMMENDATION

In January 2007, the plaintiff, Harold Jordan ("Jordan") sought judicial review of the final decision by the Regional Commissioner of the Social Security Administration denying disability insurance benefits. On January 15, 2008, two Reports and Recommendations were filed by the Magistrate Judge, recommending that Jordan's Motion for Summary Judgment be denied and the defendant's Motion for an Order Affirming the Commissioner's Decision be granted. Jordan has filed a timely objection to the recommendations, and the defendant has filed a response.

Jordan wishes to clarify several issues pertaining to the decision of the Administrative Law Judge ("ALJ") relating to (1) his depression; (2) his worsening pain while walking; (3) his sleep; and (4) his inability to work for more than a few minutes without intense pain.

In reviewing the decision of the ALJ, the court must determine whether the findings as to any fact are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If reasonable minds might differ concerning the plaintiff's disability, the court must affirm the ALJ's decision. *Books v. Chater*, 91 F.3d 972, 978 (7th Cir. 1996). A review of substantial evidence is limited to facts presented to the ALJ at the time of the decision. *Diaz v. Chater*, 55 F.3d 300, 305 n.1 (7th Cir. 1995). Facts submitted after the ALJ has made a decision do not bear upon "the correctness of the ALJ's decision." *Diaz*, 55 F.3d at 305 n.1.

First, Jordan takes issue with the ALJ's assessment of his mental impairments. The ALJ observed that Jordan had not sought or received counseling for his mental impairments. Jordan states that he is now participating in counseling and his medication has been changed. However, this new assertion cannot change the ALJ's decision because it was not before the ALJ at the time of the decision.

Next, Jordan states that his doctor has prescribed him a cane and his pain while walking has

worsened. He also states he does not remember telling Dr. Duncan that he felt better. These assertions are new evidence; they cannot be considered by the court because they were not before the ALJ at the time of the decision.

Jordan also takes issue with the ALJ's observation that Jordan sleeps a lot because of the medications he takes, although he does not nap during the day. Jordan contends that the ALJ's comment implies an inconsistency. To clarify, Jordan says he sometimes falls asleep when he does not intend to, but he does not intentionally take naps. Yet, there is no suggestion that the ALJ drew an unwarranted conclusion from the facts.

Jordan concludes with a general statement that he cannot work longer than a few minutes without intense pain. He emphasizes that the Vocational Expert stated that if Jordan had to miss three or more days of work per month, he would probably not be able to work. Although Jordan is unable to perform his past relevant work,[1] there was substantial evidence to support the ALJ's conclusion that Jordan could satisfactorily perform light or sedentary work.

The recommendations of the Magistrate Judge [14, 15] are, therefore, accepted by the court. The court affirms the ALJ's conclusion that the plaintiff is not disabled within the meaning of the Social Security Act and he is capable of performing a significant number of jobs available in the national economy despite his impairments. Consequently, the plaintiff's Motion for Summary Judgment [11] is denied, and the defendant's Motion for an Order Which Affirms the Commissioner's Decision [12] is granted. This case is terminated.

ENTERED this 20th day of February, 2008.

**s\Harold A. Baker**

HAROLD A. BAKER
U.S. DISTRICT JUDGE

---

[1] On July 18, 2006, Dr. Duncan completed a form for the Illinois State Retirement Systems, through which Jordan collects retirement disability benefits. Dr. Duncan stated the estimated return to work date was "indefinite" and that Jordan's condition was "unchanged from last assessment." However, the form relates to Jordan's previous work as a mental health technician – which involved restraining or subduing combative residents – and is not conclusive as to his Social Security case. See 20 C.F.R. § 416.927(e)(1) ("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."). In contrast, the ALJ concluded that Jordan was capable of doing light or sedentary work.